LEMUEL PERKINS, Appellant, *v.* EDMUND O. FREEMAN, Appellee.

APPEAL FROM COOK.

A brought trover against B for goods which A had surreptitiously taken from B, and which had been, by consent of A, transferred to B as his, which goods were afterwards levied upon as the goods of A, by his direction. Held, that A could only recover nominal damages, if anything, against B, for a detention of such goods, and that the presumption is, in the absence of proof to the contrary, that the goods either went to satisfy the execution, or were returned to A.

THIS was an action of trover, brought by Freeman against Perkins, to the Cook Circuit Court.

The declaration contains one count only, in the usual form in trover, describing a quantity of millinery goods and some few articles of other merchandise.

The defendant Perkins plead not guilty.

The case was tried before the court and a jury; the verdict was for plaintiff below, assessing his damages at three hundred and ninety-five dollars.

The court, at the request of the plaintiff's counsel, instructed the jury as follows:

If the jury believe, from the evidence, that the goods in question were the goods of the plaintiff, and that the defendant took the goods wrongfully from the possession of said plaintiff, then the law is for the plaintiff.

Although the sheriff's jury awarded the goods to Perkins under the claim of property therein, such award or verdict vested no legal title in him as against the plaintiff, but simply operated to defeat the execution creditors, and the right and title to the property in question was as much in the plaintiff Freeman, legally and rightfully, as they were before they were seized and taken in execution. If, therefore, the jury believe, from the evidence, that Freeman was the real owner of the goods at the time of the levy, they should find for the plaintiff, notwithstanding the property on that trial was found to be in Perkins, the defendant.

The defendant's counsel thereupon requested the said court to instruct the jury as follows:

That although the jury believe, from the evidence, that the plaintiff demanded the goods in question of defendant, and that defendant had the possession of the same at the time, and that the plaintiff was, in fact, the owner of said goods, and defendant refused to deliver the same to plaintiff, but plaintiff, before the commencement of this suit, repossessed himself of said

goods, and, after he was so repossessed, the same went into the possession of the sheriff of Bureau county, and were held by such sheriff until after the commencement of this suit, by virtue of any of the executions against the plaintiff, given in evidence, or otherwise, then in such case the fact that plaintiff repossessed himself of such goods should be considered in mitigation of damages, and the plaintiff would be entitled to recover only such damages as he is shown to have sustained by reason of the detention by defendant of said goods from the time defendant so refused to deliver them until the plaintiff became so repossessed of said goods.

Which instruction the court refused to give.

The defendant further asked the court to instruct the jury as follows :

If the jury believe, from the evidence, that the goods in question were levied upon by an execution in favor of Harmon, Aikin and Gale, against Freeman, and that after such levy the defendant Perkins put in a claim of property to said goods, and that before the trial of such claim of property the plaintiff was present and assisted in selecting and setting apart certain of the goods so levied upon, for the purpose of distinguishing them as Perkins' goods ; and that he also, on such trial, testified before the jury, in substance, that the goods so put in question were the property of Perkins, and did not then make a claim to them as his property, he is not warranted afterwards, as between him and Perkins, in claiming that said goods were, in fact, at that time, the property of him, said Freeman.

Which instruction the court then and there refused to give as asked, but gave the same modified as follows :

"If the jury believe, from the evidence, that the goods in question were levied upon by an execution in favor of Harmon, Aikin and Gale, against Freeman, and that after such levy the defendant Perkins put in a claim of property to said goods, and that before the trial on such claim of property the plaintiff was present and assisted in selecting and setting apart certain of the goods so levied upon for the purpose of distinguishing them as Perkins' goods, and that he also, on such trial, testified before the jury in substance that the goods so put in question were the property of Perkins, and did not then make a claim to them as his property, then these circumstances tend to raise a strong presumption that the goods were in fact at that time the property of him, said Perkins."

The defendant filed his motion to set aside the said verdict and for a new trial in said cause, which motion the court overruled, and judgment was rendered upon the verdict, and appeal prayed.

The defendant assigns for error the following:

The court erred in giving the said several instructions on behalf of the said plaintiff.

The court erred in refusing and modifying the said instructions asked in behalf of the defendant.

The court erred in denying the motion, made by the defendant, to set aside the verdict aforesaid, and for a new trial in said cause.

The court erred in rendering judgment for the plaintiff below.

It appeared in proof, that judgments had been rendered and executions issued against Freeman, whose wife was carrying on business as a milliner; an execution was levied, but an inventory of the goods levied upon not having been made, Perkins assisted in dividing the goods and leaving the poorer portion of them for the sheriff. Perkins assisted Freeman's wife in purchasing other goods and carrying on the business, which was conducted in his name. A second execution issuing, Perkins demanded a trial of the right of property, which was had, and the jury found that the goods claimed belonged to Perkins. On this trial Freeman and his wife were witnesses, and they stated, that the goods claimed by Perkins were rightfully his. Perkins put the goods in boxes, in a warehouse, whence they were abstracted; and were afterwards found in the possession of Freeman, by virtue of a search warrant, issued at the instance of Perkins, and taken to the county seat, where Freeman directed the sheriff to levy upon them, which he did, as being the goods of Freeman.

SCATES, MCALLISTER & JEWETT, for Appellant.

WAITE & TOWNE, and E. L. KNOTT, for Appellee.

WALKER, J. It appears from the evidence, that the goods in controversy had been placed in appellant's warehouse. That they were afterwards removed without his knowledge or consent, and were found on the premises of appellee, concealed in various places, evidently with the design of preventing appellant from finding them. When called upon, by the officer with a search warrant, appellee and his wife denied having them, or having any knowledge of where they could be found, and charged appellant with having stolen them. After they were found, the goods were taken by the officer to Princeton, where appellee requested the officer to seize them on an execution against himself, which he supposed the officer had in his hands for collection. The evidence further shows, that the sheriff did seize the goods under the execution as appellee's property, and the record fails to disclose any evidence that the levy was ever released, or the

goods restored to appellant, and the presumption is, that they were sold on the execution, or, if the judgment was otherwise satisfied, that appellee regained their possession.

In the face of such evidence, we are at a loss to understand the grounds of this recovery. If the goods were given up, and a levy and sale were made, under this execution, to satisfy appellee's debt, it is manifest, that every principle of justice must be disregarded to again give him pay for this property. Having had them applied upon the execution, and failing to show that they afterwards came to the hands of appellant, by no possibility can appellee recover for the same property. This rendered the giving of appellant's first instruction proper. By it, the court was asked to inform the jury, that, although appellee might be the owner of the goods, and although he may have demanded them, and appellant refused to deliver them, and that appellee afterwards repossessed himself of them, and they were levied upon by the sheriff and held by him under an execution against appellee, at the time this suit was commenced, still, no more than nominal damages could be recovered. Having repossessed himself of the goods, and having appropriated them to his own use in the payment of his debts, it is obvious, that he sustained no damage beyond the loss occasioned by their detention after the demand was made. We know of no method of rendering this proposition clearer than by its statement. The court erred in refusing this instruction, and the verdict is palpably against the evidence.

The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*